## MORRISON v BELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2804. Decided Nov 1, 1937

Harry S. Goldstein, for plaintiff-appellee.
B. B. Bridge, Columbus, and Robert Draper, Columbus, for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff in his action sought to recover damages for personal injuries alleged to have been sustained by him as a result of a collision between a truck which he was driving and a passenger automobile operated by the defendant. The jury returned a verdict in favor of the plaintiff in the sum of $1500.00 on which judgment was rendered. Counsel for appellant on page 3 of his brief sets forth the following assignments of error:

"1. Court erred in refusing to direct a verdict at the close of all the evidence in the case.

"2. Erred in overruling defendant's motion for judgment notwithstanding the verdict.

"3. The court erred in the general charge to the jury.

"4. The court erred in the charge upon contributory negligence.

"5. The verdict is against the manifest weight of the evidence."

The following brief statement of facts will render understandable the nature of the controversy and the manner in which the alleged errors arise.

On the 27th day of January, 1936, at about 9:45 A. M., the plaintiff was operating a Dodge truck, owned by the Stone Grill Company, Columbus, Ohio, in an easterly direction on Poplar Street, the same being a duly dedicated thoroughfare in the city of Columbus, running in an easterly and westerly direction. At the time defendant was operating a Plymouth sedan in a northerly direction on Kerr Street, the same being a duly dedicated thoroughfare in the city of Columbus, running in a northerly and southerly direction and crossing Poplar Street at right angles. Neither street had any preferential right by reason of being a main thoroughfare, as defined under the Code. Under the law the defendant had the right of way provided he was operating his automobile in a lawful manner. Plaintiff complains that the defendant was guilty of negligence in the following particulars:

"1. Driving his automobile at a speed greater than was reasonable or proper having due regard to the traffic, surface and width of the street, and of other conditions then existing and greater than would permit him to bring his automobile to a stop within the assured clear distance ahead in violation of §12603, GC.

"2. In driving his automobile at a speed greater than was reasonable or proper having due regard to the traffic, surface and width of the street and of other conditions then existing and greater than would permit him to bring his automobile to a stop within the assured clear distance ahead in violation of §1302 of the Municipal Ordinances of the city of Columbus, Ohio.

"3. In approaching an intersection with his automobile on the left half of the street in violation of §1304, Municipal Ordinances of the city of Columbus, Ohio.

"4. In failing to yield to the plaintiff upon approaching the intersection hereinbefore referred to, the defendant having entered the intersection in violation of §1309, Municipal Ordinances of the City of Columbus, Ohio.

"5. In failing to keep his automobile under control so as to avoid the collision.

"6. In failing to observe plaintiff's vehicle in time so as to avoid the collision."

Defendant in his answer makes the following admissions:

1. That on the 27th day of January, 1936, at about 9:45 A. M., the plaintiff was operating a Dodge truck in an easterly direction on Poplar Street.

2. At the same time the defendant was operating a Plymouth sedan in a northerly direction on Kerr Street.

3. That Poplar Street and Kerr Street are duly dedicated thoroughfares in the city of Columbus, running in an. easterly and westerly and northerly and southerly direction, respectively.

4. That at the intersection of said streets at the time aforesaid said truck and said automobile collided.

Defendant further admits that as a result of said collision, the plaintiff sustained certain personal injuries the nature and extent of which are unknown to the defendant, and he therefore denies the same.

Defendant denies each and every allegation in said petition contained, not hereinbefore admitted to be true.

No ordinances of the city of Columbus were introduced in evidence and hence under the state of the record all specifications of negligence predicated upon the city ordinance must be removed from consideration. The only witness presenting any testimony as to the operation of the respective cars immediately before and at the time of the collision were the plaintiff and the defendant. Plaintiff in his testimony stated that a Ford car, operated by Reverend Smiley, in a northerly direction on Kerr Street stopped at the intersection and motioned plaintiff to proceed across. This Reverend gentleman was not called as a witness and no explanation made as to why. This omission seems very unusual to us. Apparently he was disinterested and certainly was in a position to give valuable testimony for one side or the other.

The defendant in his testimony said that there was no car preceding him or parked on the easterly side of Kerr Street. According to plaintiff, as he approached Kerr Street and proceeded in the intersection at a speed of from five to ten miles an hour he first looked to the south, then to the north, and again to the south and that he saw no car to the south other than the Ford car occupied by Reverend Smiley. He proceeded to cross the street at the same speed and did not see the car operated by the defendant until he observed it through a side glance just before it struck him near the rear of his truck. He says that at the time he was approximately two-thirds of the way across the street. According to the testimony of defendant the plaintiff ran into him, striking his Plymouth car near the rear door turning him around. Some three witnesses were called, all employees

of the Stone Grill, the warehouse of which was located about one-half square from the scene of the accident. One of these men heard the crash although he did not see the accident. Each of these three men gave testimony as to the condition and damage to the respective cars. Apparently both the Plymouth car and the Dodge truck struck a pole following the accident. The weather was very cold, being about ten to twelve degrees below zero, and the streets were icy and slippery. Plaintiff gave testimony that as he entered the intersection he could see in a southerly direction down to the next intersecting street, a distance of about 400 feet.

By no system of reasoning can we understand why plaintiff did not see the approach of defendant in his Plymouth car. Defendant says that he turned on to Kerr Street from Goodale Street, which is estimated to be some 400 feet away, and proceeded northerly at a speed of ten to fifteen miles per hour. He testified further that he saw the approach of the Dodge truck back of the intersection, and that without stopping it came on and into the intersection striking defendant's car near the rear door on the left hand side.

Under this situation and giving the record the most favorable interpretation in favor of plaintiff's judgment we are called upon to determine whether or not in the light of the law it can stand.

We must start with the proposition that the defendant, traveling in a northerly direction, had the right of way over plaintiff, providing he was operating his car in a lawful manner. Plaintiff although interrogated gave no testimony as to the speed of defendant's car. The only direct evidence relative to the speed was defendant himself and he said ten to fifteen miles. This is approximately the same speed at which plaintiff says that he was operating his truck. The damage to the cars and their location following the accident lend no aid touching the question of speed. So far as we are able to see, the situation and condition following the accident lends little aid to either side. Of course the burden was upon plaintiff to prove each and every material allegation of his petition. It was not requisite that ne prove each and all of his specifications of negligence, but there was a burden of proving at least one. The right of way at the intersection was with the defendant unless it be shown that he was proceeding in an unlawful manner. No presumption exists that he was operating

unlawfully. This must be shown either by direct or circumstantial evidence. In our judgment such a conclusion would be against the manifest weight of the evidence, and for this reason the judgment of the trial court must be reversed and the cause remanded for a new trial. We find no error in the general charge of the court, nor upon the question of contributory negligence.

Judgment reversed and cause remanded at cost of appellee.

HORNBECK and GEIGER, JJ, concur.